NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 21 2017

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SANDRA AGRAZ, an individual, | No. 17-55037 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-07088-PA-AS |
| v. | |
| GOLDEN EMPIRE MORTGAGE, INC.; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted December 18, 2017**

Before:     WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

Sandra Agraz appeals from the district court's order dismissing her federal

claims alleging violations of the Real Estate Settlement Procedures Act

("RESPA") and the Truth in Lending Act ("TILA").  We have jurisdiction under

28 U.S.C. § 1291.  We review de novo a dismissal on the basis of the statute of

---

        *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

        **     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

limitations and under Fed. R. Civ. P. 12(b)(6). *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004). We affirm.

The district court properly dismissed Agraz's RESPA claim and TILA damages claim because these claims are barred by the applicable statutes of limitation and Agraz failed to allege facts demonstrating that equitable tolling should apply. *See* 12 U.S.C. § 2614 (RESPA claims are subject to one- and three-year statutes of limitation); 15 U.S.C. § 1640(e) (TILA damages claims are subject to a one-year statute of limitations); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (federal standard for equitable tolling).

The district court properly dismissed Agraz's TILA rescission claim because Agraz failed to allege facts sufficient to show that she exercised the right to rescind within three years of the consummation of her loan. *See* 15 U.S.C. § 1635(f) (borrower's right to rescind "shall expire three years after the date of consummation of the transaction or upon the earlier sale of the property"); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790, 792 (2015) ("[R]escission is effected when the borrower notifies the creditor of his intention to rescind.").

The district court did not abuse its discretion in dismissing Agraz's federal claims without leave to amend because amendment would be futile. *See Cervantes*, 656 F.3d at 1041 (setting forth standard of review and explaining that a

district court may dismiss without leave to amend where amendment would be futile).

**AFFIRMED.**